JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Joseph Ambrose appeals from his plea and sentence entered by the Cuyahoga County Court of Common Pleas. Defendant asserts that the trial court erred in accepting his guilty plea and that the sentence imposed violates the provisions of R.C. 2929.14(B). For the reasons that follow, we affirm.
 {¶ 2} The operative facts are not in dispute. On July 8, 2002, the defendant, facing a four-count indictment, including major drug offender specifications, pled guilty to an amended charge of drug trafficking, a felony of the first degree. In exchange, the State dismissed Counts I, III and IV, and decreased the alleged amount of cocaine involved in Count II, thereby rendering the major drug offender specification inapplicable. As part of this plea agreement, the parties agreed that defendant would serve a seven-year prison term.
 {¶ 3} Prior to accepting defendant's plea, the court questioned defendant as to his education; his age; whether he was under the influence of drugs or alcohol; and his satisfaction with his attorney. The court then explained defendant's constitutional rights. The court also explained the potential penalties associated with the first degree felony. Defendant indicated that he understood that he had entered into an agreed-upon sentence of seven years and confirmed that he had discussed the same with his counsel. The court further informed defendant of the mandatory term of his sentence, meaning he would serve the full seven years and was not entitled to judicial release. Again, the defendant responded that he understood.
 {¶ 4} The court accepted the agreed-upon plea and imposed sentence accordingly. Defendant now appeals assigning two errors for our review.
 {¶ 5} "I. The trial court erred in sentencing the defendant to a prison term exceeding the minimum term because the record fails to specify that the trial court determined that one or both reasons permitted by Section 2929.14(B) of the Ohio Revised Code justified a sentence longer than the minimum term."
 {¶ 6} Defendant urges us to review his sentence pursuant to R.C.2953.08(F). However, that statute is not applicable since the court imposed an agreed-upon sentence. See State v. Walker (Dec. 6, 2001), Cuyahoga App. No. 79630. In pertinent part, R.C. 2953.08(D) provides as follows:
 {¶ 7} "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge."
 {¶ 8} "`A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense.'" Walker, supra, quoting Statev. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643, 75644.
 {¶ 9} It is clear from the record that both the defendant and the prosecution jointly recommended a seven-year prison term and that the court imposed this as an agreed-upon sentence. The seven-year sentence does not exceed the maximum term proscribed for first degree felonies, which is a period of ten years. Based on these facts, we may not review defendant's sentence under the provisions of R.C. 2953.08. This assignment of error is overruled.
 {¶ 10} "II. The trial court erred in accepting the defendant's plea of guilty without determining whether the defendant understood the meaning of the phrase `you are not entitled to judicial release.'"
 {¶ 11} Defendant asserts that the trial court's failure to explain what the term "judicial release" meant renders his plea unenforceable. The trial court clearly informed defendant that "7 years means 7 years" and "that means you [the defendant] are not entitled to judicial release." The trial court specifically asked defendant whether he understood that he was not entitled to judicial release. He responded that he understood. Conversely, he made no indication whatsoever that he did not understand the concept of judicial release and/or his ineligibility therefor. If the defendant did not understand the meaning of "judicial release," he should have answered the court's inquiries differently. The record establishes that the trial court substantially complied with the requirements of Crim.R. 11(C) and this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
PATRICIA A. BLACKMON, P.J., and TIMOTHY E. McMONAGLE, J., CONCUR.